IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


TIMMY T. CAMPBELL                                                                    PLAINTIFF

V.                                            CASE NO. 4:15-CV-04113

MR. MCALLISTER, Asst. Center
Supervisory, Southwest Arkansas
Community Correction Center;
JERRY CAMPBELL, Center
Supervisor; DEPUTY DIRECTOR
BRADSHAW; KITCHEN SUPERVISOR
MS. O. GUINN; and CHIEF DEPUTY
DIRECTOR MURPHY                                                                     DEFENDANTS


**ORDER**

Plaintiff Timmy T. Campbell submitted this *pro se* action for filing on December 8, 2015. ECF No. 1. Currently before the Court is Plaintiff's failure to prosecute this case.[1]

On August 11, 2016, mail sent by the Court to Plaintiff at DCC-Southwest Arkansas Community Correction Center, 506 Walnut Street, Texarkana, AR 71854 was returned as undeliverable and marked "Return to Sender." The following day, August 12, 2016, the Court determined Plaintiff's address to be 2404 Oliver, West Memphis, AR 72301. The Clerk was directed to re-send to Plaintiff all pleadings or correspondence that had been returned as undeliverable. Further, in a text only Order that was mailed to Plaintiff, the Court reminded

---

[1] There are currently two Motions to Dismiss (ECF Nos. 11 & 14) and a Report and Recommendation regarding those motions (ECF No. 17) pending in this case. The Court will not address these documents due to Plaintiff's failure to prosecute.

Plaintiff that failure to keep the Court apprised of a valid current address would result in dismissal of his case.

Defendants filed a Notice of Returned Mail (ECF No. 19) on August 26, 2016, which showed that Plaintiff's updated address was also incorrect. The documents sent by the Court to the updated address were returned as undeliverable on August 30, 2016. ECF No. 20. Plaintiff has failed to provide the Court with a current address. Plaintiff has not communicated with the Court since filing his application to proceed *in forma pauperis* (ECF No. 2) on December 8, 2015.

In the Order granting Plaintiff's application to proceed *in forma pauperis*, the Court included the following language: "Plaintiff is further advised that he is required to immediately inform the Court of any change of address . . . [f]ailure to inform the Court of an address change may result in the dismissal of this case." ECF No. 3. Further, Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . . If any communication from the Court to a *pro se* plaintiff is not responded to within (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2). Additionally, The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of a court. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on

2

"the plaintiff's failure to comply with any court order." *Brown v. Frey*, 806 F.2d 801, 803-804 (8th Cir. 1986).

In the present case, Plaintiff has failed to keep the Court apprised of his current address in violation of this Court's Order as well as Local Rule 5.5(c)(2). As a result of Plaintiff's failure, neither the Court nor Defendants have been able to communicate with Plaintiff. Further, Plaintiff has failed to prosecute this matter. Therefore, the Court finds that this case should be dismissed for Plaintiff's failure to keep the Court informed of his current address and Plaintiff's failure to prosecute.

For the reasons above, the Court finds that this case should be and hereby is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 17th day of November, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge